### EDWARD A. MANSFIELD *versus* ISRAEL D. ANDREWS.

An action on a contract made in New Brunswick, and to be performed there, must be governed by the laws of that province.

A discharge in bankruptcy in New Brunswick on such contract, if held valid in that province, will also be held valid in this State.

The certificate of such discharge is admissible in the Courts of this State as evidence, *prima facie,* of the facts stated therein, and that the proceedings in bankruptcy were regular. But the certificate must show when the defendant became a bankrupt, and when the fiat in bankruptcy issued; and there must also be evidence that the contract in suit was provable under such fiat.

When the protection of a bankrupt law is invoked, the defendant must show, in the first instance, that he is within its provisions.

ON AGREED STATEMENT OF FACTS. From *Nisi Prius,* CUT-TING, J., presiding.

This was an action of ASSUMPSIT on two promissory notes, executed by the defendant, at St. John, N. B., Nov. 20, 1848.

The plea was the general issue, with a brief statement setting forth the discharge of the defendant in bankruptcy, under the bankrupt laws of New Brunswick.

It was admitted that the defendant resided at St. John, N. B., at the date of the notes.

The defendant put into the case certain bankrupt Acts passed by the General Assembly of New Brunswick. He also offered a certificate of discharge "from all debts due by him when he became bankrupt, and from all claims and demands provable under a fiat in bankruptcy, awarded and issued against him," (said defendant.) The certificate bore date January 30th, 1849, and there was indorsed thereon a certificate of conformity, dated May 2, 1849.

To the admission of said certificate the plaintiff objected, until the defendant should show that the proceedings in bankruptcy had been in all things conformable to law. But the Judge overruled the objection, and permitted said certificate to be read to the jury. The plaintiff contended that the defendant was bound to show the date of defendant's becoming bankrupt, the date of the fiat, and what debts and

demands were provable under the same, that it might appear whether the said discharge extended to and embraced the notes sued in this action; and the Judge ruled that it was incumbent upon the plaintiff to produce such proof.

The case was then taken from the jury by consent, and referred to the full Court. If the Court be of opinion that the evidence put into the case by the defendant, or any part thereof, should not have been admitted, or if admissible, that such evidence constitutes no defence to the action, the defendant is to be defaulted; otherwise the cause is to stand for trial.

*Thacher*, for plaintiff.

1. The certificate of discharge, if rightly admitted, is no bar to the suit, because it discharges the bankrupt from all debts due by him when he became bankrupt, and from all claims and demands made provable under the fiat. Unless it be shown, in some way, when he did become bankrupt, and whether the contracts sued in this action were provable under the fiat, the Court cannot determine whether the discharge applies to this contract. Laws of New Brunswick, 5 Vict. c. 43; 6 Vict. c. 4.

2. The defendant should have pleaded that the cause of action accrued before he became bankrupt; or, under our statute, filed a brief statement to that effect, and proved the fact in evidence. Laws of New Brunswick, 7 Vict. c. 31, p. 29.

*B. Bradbury*, for defendant.

The defence to this action is a discharge from the debt sued for by virtue of the bankrupt laws of the British Province of New Brunswick.

The Act of April 4, 1842, (section 14,) provides, " that every bankrupt who shall have duly surrendered, and in all things conformed to the provisions of this Act, shall be discharged from all debts due by him at the time of issuing the fiat, and from all claims and demands against him, in case he shall obtain a certificate of such conformity so signed and allowed," &c.

The counsel contended, — 1. That by this section of the Act, the bankrupt is to be discharged from all debts due by him at the time of granting his certificate.

2. That this general provision is not repealed by the subsequent Act of April 11, 1843.

3. The bankrupt's certificate of discharge is *prima facie* evidence, that all the prior proceedings were regular and proper, and of all the facts stated therein. *Morrison* v. *Albee*, Allen's New Brunswick Reports, vol. 2, p. 157.

4. The statutes of New Brunswick nowhere provide as to what debts, claims or demands are provable under a fiat in bankruptcy.

RICE, J. — Assumpsit on two promissory notes for $200 each, dated St. John, N. B., Nov. 20, 1848, and payable, one in three months and one in six months. The defence is a discharge in bankruptcy, under the laws of New Brunswick. The contract having been made in New Brunswick, and that being the place for its performance, the case will be governed by the laws of that province. A discharge of the defendant in bankruptcy, which would be held valid under the laws of New Brunswick, will, therefore, be held valid here. *May &amp; als* v. *Breed &amp; al.*, 7 Cush. 15.

The defendant put into the case a certificate of discharge in bankruptcy, and also the several Acts of the province of New Brunswick, now in force, in relation to bankruptcy.

By Act of 6th Victoria, c. 4, passed April 11, 1843, § 24, it is provided, " that any bankrupt who shall have duly surrendered, and in all things conformed himself to the laws in force, at the time of issuing the fiat in bankruptcy against him, shall be discharged from all debts due by him when he became bankrupt, and from all claims and demands made provable under such fiat, in case he shall obtain a certificate of such conformity, so signed and allowed, and subject to such provisions as hereinafter mentioned."

By § 5, c. 31, of Act of 7th Vict., passed April 13, 1844, it is provided, " that any bankrupt who shall, after such certifi-

Cutler *v.* Maker.

cate shall have been confirmed, be arrested, or have any action brought against him for any debt, claim or demand, provable under the fiat against such bankrupt, shall be discharged upon entering an appearance, and may plead in general that the cause of action accrued before he became bankrupt, and may give this Act and this special matter in evidence."

The certificate of conformity and discharge were properly admitted in evidence, and they are to be received as evidence, *prima facie,* of the facts stated therein; and that the proceedings in bankruptcy were regular. But this certificate does not show when the defendant became a bankrupt, nor when the fiat issued; nor is there any evidence that the notes in suit were provable under such fiat. These facts should be made to appear to constitute a defence. The burden was on the defendant to show, in the first instance, that he was within the provisions of the bankrupt laws, whose protection he invokes. This he has failed to do, and therefore, according to the agreement of the parties, a default must be entered.

TENNEY, C. J., and APPLETON, J., concurred.